UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHARD WILLMAR RAPATT, | Case No. 19-CV-0042 (ECT/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| GLENN WHITEFORD, | |
| Respondent. | |

This matter comes before the Court on Petitioner Richard Willmar Rapatt's Amended 78-page petition for habeas corpus relief filed pursuant to 18 U.S.C. § 2254 [ECF No. 9]. Rapatt also filed 414 pages of exhibits and other supporting materials [ECF No. 10]. The Court previously directed Rapatt to file an amended petition because his original filing was not filed on the Court's standard habeas corpus form and it omitted critical information [ECF No. 7]. Rapatt again chose not to use the Court's standard habeas petition, but he did supply the Minnesota State Court exhaustion information missing from his original filing. For reasons explained herein, the Court recommends denial of Rapatt's amended petition because it presents no valid claims for habeas relief.

### I.     Procedural History

In 2015, Richard Willmar Rapatt was tried before a Minnesota court for eight counts related to income tax. The district court found him guilty of six of the eight counts and sentenced him to a 13-month prison sentence, stayed for five years, on the condition that he serve 90 days in jail. Prior to his state court sentencing he tried to stall the process by filing for various forms of appellate relief. Ultimately, the state district court proceeded

1

to sentence him to move the case along and to allow him to fully pursue appellate challenges. *See State of Minnesota v. Rapatt,* Case No. 56-CR-15-606 (Minn. D. Ct. 2015).

Rapatt pursued a direct appeal, as well as state post-conviction proceedings. His direct appeal failed because he never filed a comprehensive brief on his own behalf. *See State of Minnesota v. Rapatt,* Case No. A16-1932 (Minn. Ct. App. 2017) (dismissing his direct appeal because Rapatt insisted on pursuing mandamus and he failed to file a standard direct appeal brief at the court's direction). His postconviction appeal also failed because the Court found that Minnesota courts had sufficient evidence to justify the convictions, and his jurisdictional or territorial arguments were not valid. *See Rapatt v. State of Minnesota,* Case No. A17-2033, 2018 WL 4201185 (Minn. Ct. App. 2018) (affirming the post-conviction court's finding that there was no error in the state court proceedings). The Supreme Court of Minnesota declined to issue a petition for review. *Id.*

Rapatt then petitioned this Court for habeas corpus relief [ECF Nos. 1, 9]. His verbose pleadings are difficult to follow, but in essence, Rapatt alleges that the Minnesota courts did not have jurisdiction over him and/or the tax prosecution was faulty because he did not receive a form of notice that he believes was a prerequisite to those proceedings. Rapatt's amended petition is before this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Mr. Rapatt's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and recommends denial of Mr. Rapatt's amended habeas corpus petition.

## II.     Legal Analysis

As an initial matter, the Court notes that Rapatt may no longer be in physical custody of the State of Minnesota, but by his own assertions he is still subject to probation under the supervision of Glenn Whiteford. Ongoing supervision is sufficient to keep habeas proceedings alive because Rapatt still has a conceivable interest in being relieved from supervision. *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998) (an individual is still incarcerated by way of parole for purposes of 28 U.S.C. § 2254). Thus, Rapatt's petition was not rendered moot by his release from detention.

Mr. Rapatt alleges that the Minnesota courts did not have jurisdiction over him for many reasons. The most prominent claim is that he is somehow not a citizen of the state of Minnesota or he is not a citizen of the United States.

The Minnesota Court of Appeals could not address this claim on direct appeal because the direct appeal was dismissed when Rapatt refused to file a traditional appellate brief. However, the issue was tangentially presented to the post-conviction court, which noted:

> As we understand it, Rapatt argues that because the completion of a Minnesota state tax return requires a taxpayer to file a federal tax return and he was not required to file a federal tax return, he was not required to file a state tax return. The underlying basis for his assertion that he was not required to file a federal income tax return is that he did not consent to being taxed by any government entity. […] As the postconviction court reasoned, the power of taxation has nothing to do with consent and everything to do with territorial sovereignty.

*Rapatt v. State of Minnesota,* Case No. A17-2033, 2018 WL 4201185 (Minn. Ct. App. Sept. 4, 2018).

Unfortunately, Mr. Rapatt's challenge fares no better in federal court for two reasons. As an initial matter, Mr. Rapatt's challenge is primarily one rooted in Minnesota

3

state law, not federal law. Minnesota courts define the jurisdictional limits of the Minnesota judiciary, and this Court does not have authority to question the state court's interpretation of state law. *Evenstad v. Carlson,* 470 F.3d 777, 782 (8th Cir. 2006). To the extent Mr. Rapatt contends he was owed some kind of notice, that is a question of state law that is not properly before this Court. Mr. Rapatt also contends that because the state court did not have any authority, it somehow infringed upon his federal rights, but he also contests that he is not a United States citizen and is merely a national. These assertions are incongruent. He cannot be exempt from federal rights and privileges (such as following tax norms) while also reaping the benefits of federal review of his state rights.

Even if Rapatt was afforded due process protections available under federal habeas corpus provisions, he has not stated a valid due process claim that he was wronged in state court. Minnesota law provides that "[a] person may be convicted and sentenced under the law of this state if the person…commits an offense in whole or in part within this state." Minn. Stat. § 609.025(1). Rapatt does not argue that his conduct did not take place in Minnesota, so Minnesota courts had the authority to preside over the matter.

More importantly, Rapatt's challenges are characteristic of a sovereign citizen who is trying to use semantics and legal trickery to claim that he is not subject to legal penalties in Minnesota courts. The Eighth Circuit has definitively and repeatedly held that the argument that a person may not be subjected to federal or state laws on the basis of supposed sovereign citizenship is "meritless," "absurd," and "entirely frivolous." *United States v. Watson*, 1 F.3d 733, 734 (8th Cir. 1993); *see also United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992); *United States v. Kruger*, 923 F.2d 587, 587–88 (8th Cir.

1991); *United States v. Schmitt*, 784 F.2d 880, 882 (8th Cir. 1986); *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993). The Minnesota Court of Appeals reached the same conclusion regarding Rapatt's sovereign citizenship claims, noting that "the power of taxation has nothing to do with consent and everything to do with territorial sovereignty." *Rapatt v. State of Minnesota*, No. A17-2033 (Minn. Ct. App. Sept. 4, 2018). Here, Rapatt does not dispute that the events underlying the crimes for which he was convicted occurred in Minnesota. Therefore, the Minnesota courts had jurisdiction over Rapatt, regardless of whether he consented to it and regardless of whether he was a citizen of a different state or country. Rapatt has not demonstrated that his conviction and subsequent detention were contrary to clearly established federal law or based on an unreasonable determination of the facts. Accordingly, the Court will recommend denying his petition for habeas relief as to his personal jurisdiction claims.

### III. Certificate of Appealability

Before appealing a final ruling on a federal habeas petition, a state prisoner must be granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); FED. R. APP. P. 22(b)(1). The Court cannot grant such a certificate unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).

The Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than recommended here.

5

Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. The Court therefore recommends that Petitioner not be granted a COA in this matter.

### IV. Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Richard Rapatt's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 9] be **DENIED**;

2. A certificate of appealability **NOT BE GRANTED;**

3. JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 2, 2019                           s/David T. Schultz
                                              DAVID T. SCHULTZ
                                              United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).